UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VANESSA DECATUS,

                 Plaintiff,

       -against-

CITY OF NEW YORK; COUNTY OF NEW YORK,

                 Defendants.

24-CV-2224 (JGLC)

**ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD**

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action.[1] For the reasons set forth in this order, the Court dismisses the action for failure to state a claim, but grants Plaintiff 30 days' leave to replead her claims.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or if the Court lacks subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil*

---

[1] Plaintiff initiated this matter as a miscellaneous case on behalf of the "Vanessa Decatus Trust/Estate." By order dated January 23, 2024, the Honorable Mary Kay Vyskocil, of this court, determined that the case does not fit any of the listed categories of miscellaneous cases and that the case cannot proceed under the miscellaneous docket. (ECF No. 1.) Judge Vyskocil further directed the Clerk of Court to open this case as a new civil action "with Decatus listed as the plaintiff and the City and County of the State of New York listed as the defendant." (*Id.*) The Clerk of Court opened this matter as a new civil action on March 28, 2024, and assigned the above docket number. By order dated March 27, 2024, Chief Judge Swain issued an order directing Plaintiff to either pay the fees or file a completed and signed IFP application. (ECF No. 4.) On April 26, 2024, Plaintiff paid the fees.

*Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n.11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard," *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal

conclusions from well-pleaded factual allegations, the court must determine whether those facts

make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Vanessa Decatus, who writes her name as "Vanessa Decatus (Interest title

holder)," "Vanessa Decatus, Security title Interest Holder," and "Decatus Brand Holdings Trust,"

identifies herself as a citizen of New York in this action filed against the City and County of

New York. Using the Notice of Claim form for the Supreme Court of the State of New York,

Plaintiff indicates that the nature of her claim is:

> Claim of Property & Interest in Equity for
> 2018 Mercedes Benz C300 Identified by VIN #3FA6P0LUXJR248445
> Title and Identification Number – 55SWF4KBXJU282583
> Document No. 076569H
> Violation of UCC1 & UCC3 Security Agreement Property (See UCC
> #202209070375089)

(ECF No. 2 at 2.)

Plaintiff's action is not clear or well organized, but it appears from a Property Damage or

Loss Claim Form included in her submission that this action arises out of Plaintiff's 2018 white

Mercedes Benz C300 being booted and towed from the northwest corner of 43rd Street and 10th

Avenue on July 12, 2023, at 2:42 a.m. (ECF No. 1 at 10-14.) She alleges:

> The UCC 1 & UCC3 & Notice of Claim placed on the record is to vie you notice
> that a lien is in place and to put you on NOTICE that Vanessa Decatus is 1st in
> Line; First In Time. I accept for value all the charging instruments in this matter!
> Make my exemption as principal available for discharge of all obligations and
> charges connected with Case Number #2307120450 & Boot Number #NY23230.

(*Id.* at 12.) She further alleges:

> The complainant, being an Equitable Beneficial Title Holder, seeks just
> compensation for the damages incurred due to the unauthorized taking of the
> TRUST's private property.
> Unreasonable Seizure with Malicious Intent

Trespass of Private Property
Continuing Seizure
Fraud.

(*Id.* at 14.) She seeks "just compensation for Damages in the Sum Total of 10,800,000 dollars in

lawful money, property(ies) and/or gold." (*Id.*)

## DISCUSSION

**A.      Claims Under 42 U.S.C. § 1983**

Because Plaintiff sues the City of New York, the Court construes Plaintiff's claims as

being brought under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must

allege both that: (1) a right secured by the Constitution or laws of the United States was violated,

and (2) the right was violated by a person acting under the color of state law, or a "state actor."

*West v. Atkins*, 487 U.S. 42, 48-49 (1988).

When a plaintiff sues a municipality under Section 1983, however, it is not enough for

the plaintiff to allege that one of the municipality's employees or agents engaged in some

wrongdoing. The plaintiff must show that the municipality itself caused the violation of the

plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other

local government may be liable under this section [1983] if the governmental body itself

'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such

deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty.

of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a

municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy,

custom, or practice, and (2) that the policy, custom, or practice caused the violation of the

plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012);

*Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

4

Here, although Plaintiff asserts that her rights were violated, she does not identify any policy, custom, or practice that caused a violation of her rights. *See Cash*, 654 F.3d at 333 (holding that a Section 1983 plaintiff "must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury"). The Court therefore grants Plaintiff leave to file an amended complaint alleging facts giving rise to a municipal liability claim under Section 1983 against Defendants.

## B.   Supplemental Jurisdiction

Plaintiff's claims of fraud, trespass, unauthorized taking, and deprivation of property arise under state law. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff does not currently state a federal claim, the Court declines, at this time, to exercise supplemental jurisdiction over the state law claims that Plaintiff is attempting to raise.[2] *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[2] The Court offers no opinion as to the viability of any state law claim Plaintiff may wish to pursue in state court against Defendants.

C.      **Sovereign Citizen Claims**

Plaintiff's belief that she is entitled to relief appears to be based on "sovereign citizen"

claims.[3] As the Second Circuit has explained, "sovereign citizens are a loosely affiliated group

who believe that the state and federal governments lack constitutional legitimacy and therefore

have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, n.1 (2d

Cir. 2013); *see also United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019) (cleaned up)

(noting that "so-called 'Sovereign Citizens' seek to clog the wheels of justice and delay

proceedings so justice won't ultimately be done. They do so by raising numerous – often

frivolous – arguments, many alleging that the Courts or the Constitution lack any authority

whatsoever."); *Muhammad v. Smith*, No. 13-CV-760 (MAD), 2014 WL 3670609, at *2 (N.D.N.Y.

July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not

only been rejected by the courts, but also recognized as frivolous and a waste of court

resources.") (collecting cases).

Plaintiff's argument – that Defendants had no right to seize her property – is one that

other sovereign citizens have raised, and which has been universally rejected. *See, e.g.*, *Balash-*

*Ioannidou v. Contour Mortg. Corp*, No. 22-CV-4506 (AMD), 2022 WL 3358082, at *1

(E.D.N.Y. Aug. 15, 2022) (rejecting claim that plaintiff "issued a payment through Notary

Presentment to Defendants in the amount of $645,300.00" to satisfy her debt, as well as a

---

[3] Plaintiff's submission contains some hallmarks of a sovereign citizen pleading, including her
reliance on the U.C.C., and the nature of the attachments. *See, e.g.*, *Wood v. United States*, 161
Fed. Cl. 30, 32 (Fed. Cl. 2022) (noting the plaintiff's submission of a "Schedule of Fees,"
through which he purports to establish specific monetary penalties for various infractions related
to the "Trust" which owns the "Copyright, trademark, [and] trade name . . . Marcel James Lamar
Wood,© TM."); *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 296 (N.D.N.Y. 2019)
(noting that the plaintiff's submissions referring to the U.C.C. "indicate that he may be an
adherent to some variation of the 'sovereign citizen' belief system.") (citing *Rivera v. United
States*, 105 Fed. Cl. 644, 646 (Fed. Cl. 2012)).

"Notary Protest" and a "Certificate of Dishonor."); *Tyson v. Clifford*, No. 18-CV-1600 (JCH), 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) ("Adherents of [redemptionist] claims or defenses 'believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.'") (citing *Gravatt v. United States,* 100 F. Cl. 279, 282 (Fed. Cl. 2011)); *Steinkirchner v. Gordon*, No. 19-CV-1241 (MRH), 2020 WL 549087, at *2 (W.D. Pa. Feb. 4, 2020) ("While the Court is not in the business of issuing general advisory opinions, it can say with confidence that the Plaintiff's one-sided effort to discharge her debts does not create a legal or factual basis for the claims she struggles to assert."); *Stoute v. Navient*, No. 19-CV-11362 (IT), 2019 WL 13234780, at *2 (D. Mass. July 2, 2019) (rejecting the plaintiff's claim that Navient could not pursue collection on alleged student loan debt pursuant to U.C.C. § 3-505 because it failed to respond to his correspondence); *McKay v. U.S. Bank,* No. 14-CV-872 (TFM), 2015 WL 5657110, at *2 (M.D. Ala. Sept. 24, 2015) (denying plaintiffs' request for declaratory judgment that the defendant was not the real mortgage holder and to quiet title based upon their mailing of a "notarial presentment" and a "notarial notice of Dishonor" to the defendant bank).

**D.      Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although the Court finds that it is

7

unlikely that Plaintiff can allege additional facts to state a valid federal claim, in light of her *pro se* status and in an abundance of caution, the Court grants Plaintiff leave to replead her claims to allege facts giving rise to a municipal liability claim against Defendants. Plaintiff's amended complaint is due no later than **June 12, 2024**.

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against Defendants. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court DISMISSES Plaintiff's complaint for failure to state a claim, but grants Plaintiff leave to file an amended complaint that complies with the standards set forth above.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit, **no later than June 12, 2024**, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-2224 (JGLC). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  May 13, 2024
         New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
               (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial           Last Name

_____

Street Address

_____

County, City                              State                      Zip Code

_____

Telephone Number                          Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                        Zip Code

Defendant 2:

_____

First Name                                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                        Zip Code

Defendant 3:

_____

First Name                                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                        Zip Code

Defendant 4: _____

First Name                             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                           State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

---

---

---

---

---

---

---

---

---

### INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

---

---

---

---

### IV. RELIEF

State briefly what money damages or other relief you want the court to order.

---

---

---

---

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

>   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7